IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SPENCER NEAL,

        **Plaintiff,**

v.                                              Civil Action 2:19-cv-829
                                                 Judge James L. Graham
                                                 Magistrate Judge Kimberly A. Jolson

THE PILSNER BOYS, LLC d/b/a
THE ELEVATOR BREWING AND
DRAUGHT HAUS, et al.,

        **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2). The Undersigned previously provided background relevant to this Motion:

> In addition to this case, Plaintiff currently has seven cases pending before the Undersigned. *See Neal v. Hawkstone Associates, Inc.*, 2:18-cv-00626-ALM-KAJ; *Neal v. Hreet Hospitality LLC*, 2:18-cv-00629-GCS-KAJ; *Neal v. HIT Portfolio I Owner, LLC*, 2:18-cv-00651-MHW-KAJ; *Neal v. Divya Jyoti Ltd.*, 2:18-cv-00958-EAS-KAJ; *Neal v. DVC 61-06815 Associates LLC*, 2:18-cv-00977-MHW-KAJ; *Neal v. O'Manny's Pub Inc.*, 2:18-cv-00980-EAS-KAJ; and *Neal v. Jap Guru LLC*, 2:18-cv-01562-EAS-KAJ. In the first-filed cases, Plaintiff moved for leave to proceed *in forma pauperis*, which the Undersigned recommended denying. *See Neal v. Hawkstone Associates, Inc.*, 2:18-cv-00626-ALM-KAJ, Docs. 2, 3; *Neal v. Hreet Hospitality LLC*, 2:18-cv-00629-GCS-KAJ, Docs. 2, 3. Plaintiff subsequently paid the filing fee in each of the cases identified above, including one as recently as August 30, 2018, *see Neal v. O'Manny's Pub Inc.*, 2:18-cv-00980-EAS-KAJ, Doc. 1.
> On December 4, 2018, Plaintiff filed a Complaint and Motion for Leave to Proceed In Forma Pauperis in *Neal v. Jap Guru LLC*. *See Neal v. Jap Guru LLC*, 2:18-cv-01562-EAS-KAJ, Docs. 1, 2. On December 7, 2018, the Undersigned issued an Order summarizing Plaintiff's history of paying the filing fee in prior cases and invited Plaintiff "to submit a brief detailing any change in circumstances that would support a recommendation that his Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be granted." *Id.*, Doc. 3. In lieu of filing that brief, Plaintiff paid the filing fee on January 8, 2019.

(Doc. 3 at 1–2). In light of the "the Undersigned's prior recommendations and Plaintiff's prior payments of the filing fee," the Undersigned "invited [Plaintiff] to submit a brief detailing any change in circumstances that would support a recommendation that his Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be granted." (*Id.* at 2).

      Plaintiff filed his brief (Doc. 4) on March 11, 2019. He explained:

> The Order indicates that Plaintiff paid the filing fees in each of the listed cases, however this is factually incorrect. Spencer Neal, personally, has never paid a filing fee for any of the litigation he has commenced. Plaintiff's counsel certifies, and will do so in the form of an affidavit if the Court so requires, that he has always had to advance Plaintiff's $400 filing fee; should the case be resolved, Plaintiff's counsel would then be reimbursed.
>
> Plaintiff's financials, which he supplied to the Court in his Motion, indicate that he is on a limited and fixed monthly income due to his disability. Without the assistance of counsel, Plaintiff cannot afford to prosecute the various public accommodations who have blatantly discriminated against him by failing to remediate barriers to access at their properties. . . . Plaintiff's counsel further states that the advancement of the $400 filing fee in this case is a financial burden on his practice.

(*Id.* at 1–2).

      While Plaintiff represented that "he is on a limited and fixed monthly income due to his disability," (Doc. 4 at 1), the Court noted that "[h]is Motion does not appear to include the source or amount of that limited and fixed monthly income due to disability," (Doc. 5 at 1 (citation and internal quotation marks omitted)). The Court therefore granted "Plaintiff 14 days in which to file an Amended Motion for Leave to Proceed In Forma Pauperis with complete and accurate information for 'any income' Plaintiff has received during the past twelve months 'from a business, profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest or dividends, or any other source.'" (*Id.*).

      In Plaintiff's Amended Motion (Doc. 6), he represents that he: receives "$1,247 per month" in disability payments, does not have any dependents, has a combined $688.02 in a savings,

checking, or other account, and has a car worth $4,000. (Doc. 6 at 2–3). Further, he avers that he has approximately $1,000 of expenses a month, including $150 a month that he pays in rent to his parents. (*Id.* at 3).

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Based on the information Plaintiff provided in his affidavit, it appears that he has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him. With the resources available to him, it appears that paying the filing fee would not cause Plaintiff to deprive himself the necessities of life. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) be **DENIED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: April 23, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE